Adam Strachan, Esq. (11468)
STRACHAN, STRACHAN & SIMON, P.C.
401 Main Street, Second Floor
P.O. Box 1800
Park City, Utah 84060-1800
Telephone: (435) 649-4111
Facsimile: (435) 645-9429
astrachan@strachanlaw.com

Meghan A. Sheridan (14315)
HALL & EVANS, LLC
175 S. Main Street, Suite 610
Salt Lake City, UT  84111
Telephone:  801-770-4776
Facsimile:   801-438-6154
Email:   sheridanm@hallevans.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| DEER VALLEY RESORT COMPANY, LLC (dba DEER VALLEY RESORT) and SOLITUDE MOUNTIAN SKI AREA LLC (dba SOLITUDE MOUNTAIN RESORT)<br><br>Plaintiffs,<br><br>vs.<br><br>MYSKILESSONS.COM,<br><br>Defendant. | **COMPLAINT**<br><br>Case No. 2:24-cv-00760<br><br>Judge: |

Plaintiffs Deer Valley Resort Company, LLC and Solitude Mountain Ski Area LLC ("Plaintiffs"), by and through its attorneys, hereby asserts the following Complaint against Defendant MYSKILESSONS.COM ("Defendant"), and alleges as follows and requests the foregoing relief.

1

## NATURE OF THE ACTION

1. This action arises out of Defendant's unlawful business activities of soliciting, employing, or otherwise engaging ski and/or snowboard instructors who are not affiliated with Plaintiffs to conduct private skiing and/or snowboarding lessons ("Ski Lessons") at various ski areas around the State of Utah (all ski areas in the state of Utah including Plaintiffs referred to as "Ski Areas"). This unlawful practice is also known as underground lessons, poaching, bootlegging, pirating, cannibalizing, or teaching in the black. *See* myskilessons.com.

2. Plaintiffs and the Ski Areas did not authorize these Ski Lessons, and therefore, Defendant is in violation of federal and state law.

3. Plaintiffs seeks a permanent injunction, and monetary damages for violations of theft of services, intentional interference with economic relations, trademark infringement, and unfair competition and deceptive trade practices resulting from Defendant's unlawful actions.

## THE PARTIES

4. Plaintiff Deer Valley Resort Company is a Utah Limited Liability Company.

5. Plaintiff Solitude Mountain Ski Area is a Utah Limited Liability Company.

6. Defendant MYSKILESSONS.COM operates various websites that offer private Ski Lessons by purportedly "certified" instructors at various ski areas around the country, including ski areas in the State of Utah.

7. Defendant, either directly or through their agents, transacted business in the State of Utah and within this judicial district, as more specifically set forth below, and expected or should

2

reasonably have expected their acts to have consequence in the State of Utah and within this judicial district.

8. Defendant MYSKILESSONS.COM is not domiciled in Utah; it is not incorporated here, and its principal place of business is not in Utah.

## JURISDICTION AND VENUE

9. This Court has jurisdiction to adjudicate the Complaint and to grant the requested relief, as the action arises under Section 43(a) of the Lanham Act 15 U.S.C. §§ 1125(a); 15 U.S.C. § 1116; and the Federal Trade Commission Act 15 U.S.C. § 45, amongst other federal rules and statutes.

10. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

12. Defendant operates websites on the internet that offer private, non-sanctioned Ski Lessons at numerous ski areas around the country, specifically through myskilessons.com ("Website").

13. Defendant's website provides that it is affiliated with ski areas around the country, and wrongfully claims that it is affiliated with at least the following Ski Areas in Utah – Alta, Deer Valley, Sundance, Solitude Mountain Resort, Snowbasin, Brighton, Brian Head, Park City Mountain Resort, and Powder Mountain.

14. Defendant hires private instructors to meet its clients at these Ski Areas to provide the Ski Lessons.

15. These Ski Lessons are not sanctioned or authorized by Ski Areas, and Defendant is not affiliated with Ski Areas or, on information and belief, any of the other ski areas in the United States.

16. Plaintiffs and the Ski Areas are private property; and Plaintiffs and Ski Areas are the exclusive ski resort operator on federal land pursuant to a US Forest Service special use permit; that Ski Areas therefore have the lawful right to prohibit competing skier services and other unauthorized commercial activities on its property; and that Ski Areas have a stated policy against such activities. For example https://www.deervalley.com/explore-the-mountain/safety-and-conduct (Unaffiliated Commercial Activities tab); and https://www.solitudemountain.com/mountain-and-village/mountain-information/mountain-policies (Visiting Instructors and Coaches tab).

17. Defendant is unlawfully conducting Ski Lessons at the Ski Areas without the consent of the Ski Areas, without appropriate permits, without insurance and without properly trained and certified ski instructors.

18. Plaintiffs sent a Cease and Desist Letter to Defendant on approximately July 16, 2024 (attached hereto), but there have been no changes to the website. Further the National Ski Areas Association sent a similar Cease and Desist Letter to Defendant in approximately 2013.

19. The Website uses "trademarks, service marks, trade dress and other indicia of origin" of the Ski Areas to improperly suggest Defendant is offering authorized lessons at nearly every, if not all, ski areas in Utah, the United States and Canada.

4

20. Upon clicking on any of the ski areas listed on the Website, the internet user is greeted with "[SKI AREA NAME] Ski Lessons," in large, bold print.

21. The Website goes on to state: "This class has been attended by over 2,500 snowboarders over the past two years. We have taken the exact techniques from several [SKI AREA]'s pro skiers on what works best in their training and put it in this course."

22. Defendant is improperly holding itself out as affiliated with every ski area on its Website, including the Ski Areas bringing this Complaint.

23. When a ski area is clicked on – for instance Deer Valley – myskilessons.com portrays a Deer Valley ski trail map and logo. https://myskilessons.com/deer-valley-resort-ski-lessons/ (see below screenshot from Website).



# Welcome to Our Ski Training

Learn to ski like a pro on the beautiful mountain slopes!
This has been attended by over 2,500 skiers over the past two years. We have taken the exact techniques from several Deer Valley Resort's pro skiers on what works in their training and put it ALL in this one course.

23. Myskilessons.com does not have permission or authorization to use Deer Valley's

trail map and logo.

24. The Website further notes that "We have taken the exact techniques from several

Deer Valley Resort's pro skiers on what works in their training and put it ALL in this one course."

6

25. Myskilessons.com does not have permission or authorization to use techniques from Deer Valley's pro skiers for its training and course.

26. The Website portrays several of the other Ski Areas ski trail maps and logos (in the same fraudulent way as noted above with Deer Valley), without authorization or permission from the Ski Areas.

## FIRST CAUSE OF ACTION
### Trademark Infringement Section 43(a) of the Lanham Act 15 U.S.C. § 1125 and 15 U.S.C. § 1116

27. Plaintiffs incorporates all foregoing paragraphs of this Complaint as though fully set forth herein.

28. Defendant is unlawfully representing to consumers that is affiliated with the various Ski Areas on its websites.

29. None of the Utah Ski Areas have permitted Defendant to use their names or trademarks on Defendant's website.

30. Defendant has infringed on the Ski Areas trademarks by using the Utah Ski Areas names, logos, trail maps, etc. on its website without the Utah Ski Areas consent.

31. The unauthorized use of the Utah Ski Areas trademarks causes confusion to consumers as to the source, sponsorship, affiliation, connection, or association of Defendant with each Ski Area.

32. Defendant's trademark infringement has caused injury and damages to Plaintiffs.

33. Injuries and damages include, but are not limited to:

a) Depriving the Ski Areas of use of their own services and income from such services;

      b) Depriving Ski Areas of use of their own good will;

      c) Customer confusion as to whether the Ski Lessons offered are operating unlawfully on the Ski Areas premises with appropriate training, supervision, and insurance.

34. Defendant continues to make false and/or misleading representations regarding its affiliation with the Ski Areas and will continue to do so unless enjoined by this Court as provided by 15 U.S.C. § 1116.

35. Defendant's improper actions have caused and continue to cause injury to Plaintiffs in excess of $75,000, the ultimate amount to be proven at trial.

## SECOND CAUSE OF ACTION
### Unfair Competition and Deceptive Trade Practices pursuant to The Federal Trade Commission Act ("FTCA") 15 U.S.C. § 45, and Lanham Act 15 U.S.C. § 1125

36. Plaintiffs incorporate all foregoing paragraphs of this Complaint as though fully set forth herein.

37. Defendant wrongfully implies that it holds permission from Ski Areas to operate its private Ski Lessons business.

38. Defendant's unfair and deceptive practices have induced consumers to commit unlawful acts, *i.e.,* payment for unauthorized Ski Lessons at Ski Areas.

39. Defendant's unfair and deceptive practices have resulted in payment from consumers and unlawful profits for Defendant.

40. Defendant's unfair and deceptive practices have caused injury to Plaintiffs.

41. Injuries and damages include, but are not limited to:

a). Depriving the Ski Areas of use of their own services and loss of income from such services;

b). Depriving Ski Areas of use of their own good will.

42. Defendant's actions as described above and Defendant's use of the Ski Areas names, trademarks, logos, trails maps, etc. in commerce constitute unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125.

43. Defendant's deceptive use of Plaintiffs' names, trademarks, logos, trails maps, etc. is causing irreparable injury to the value of Plaintiffs' business, goodwill, and reputation. Defendant's actions, if not enjoined, will continue.

44. Defendant's improper actions have caused and continue to cause injury to Plaintiffs in excess of $75,000, the ultimate amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### Intentional Interference with Economic Relations

45. Plaintiffs incorporate all foregoing paragraphs of this Complaint as though fully set forth herein.

46. Plaintiffs maintains and intends to continue to maintain, economic relations with Ski Area customers, by offering Ski Lessons to its guests who are using the services of Ski Areas including, but not limited to, chairlift services, grooming services, snowmaking services, and Ski Patrol services.

47. Defendant is intentionally, knowingly, and willingly interfering with the Ski Areas potential and existing economic relations with consumers by offering private Ski Lessons by alleged certified ski instructors that are not hired, employed, trained, or supervised, by the Ski Areas.

9

48. Defendant is intentionally interfering with the Ski Areas economic relations by improper and unlawful means, by falsely claiming affiliation with the Ski Areas for these lessons, and without the consent of the Ski Areas.

49. Defendant's intentional interference with the economic relations of the Ski Areas has caused injury to the Ski Areas, including but not limited to by:

a) Depriving the Ski Areas of use of their own services and loss of income from such services;

b) Depriving Ski Areas of use of their own good will;

c) Customer confusion as to whether the Ski Lessons offered are operating unlawfully on the Ski Areas premises without appropriate training, supervision, and insurance, in conjunction with the assertion of false affiliation.

d) Loss of services such as chairlift, Ski Patrol, snowmaking and grooming services which, unbeknownst to Ski Areas, have been dedicated to Defendant's customers, but which could and should have been dedicated to Ski Areas' legitimate customers

50. Defendant's intentional interference with Plaintiffs' economic relations is causing irreparable injury to the value of Plaintiffs' business, goodwill, and reputation. Defendant's actions, if not enjoined, will continue.

51. Defendant's improper actions have caused and continue to cause injury to Plaintiffs in excess of $75,000, the ultimate amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### Theft of Services pursuant to Utah Code Annotated § 76-6-409

52. Plaintiffs incorporate all foregoing paragraphs of this Complaint as though fully set forth herein.

53. Defendant is unlawfully representing to consumers that is affiliated with the various Ski Areas on its websites.

54. Defendant is offering Ski Lessons to consumers on Plaintiffs' premises knowing that it is not entitled to offer such services.

55. Defendant is collecting payment for its Ski Lessons.

56. Defendant is collecting payment from consumers for the Ski Lessons through deception because Defendant is not lawfully permitted to perform the Ski Lessons at the Ski Areas.

57. Defendant is unlawfully using the Ski Areas' facilities and taking advantage of the Ski Areas' services, such as grooming, lift maintenance, slope maintenance, Ski Patrol services and other services involved in the daily operation of ski areas.

58. Defendant's theft of services has caused injury to the Ski Area in amount to be proven at trial.

## SIXTH CAUSE OF ACTION
### Civil Trespass to Real Property

59. Plaintiffs incorporate all foregoing paragraphs of this Complaint as though fully set forth herein.

60. Plaintiffs lawfully possessed the ski area property, pursuant to their USFS permits.

61. Defendant interfered with Plaintiffs exclusive right to possession of the property by physically entering and encroaching, by conducting unauthorized Ski Lessons on the ski area property in possession of Plaintiffs.

62. Defendant intended to conduct the unauthorized Ski Lessons that resulted in the unlawful entry or encroachment upon Plaintiffs' property; and

63. Defendant had no right to conduct the Ski Lessons that constituted the unlawful entry or encroachment upon Plaintiffs' property.

64. Defendant's trespass has caused injury to the Ski Areas in amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
### Injunction pursuant to and 15 U.S.C. § 1116

65. Plaintiffs incorporate all foregoing paragraphs of this Complaint as though fully set forth herein.

66. Plaintiffs will suffer irreparable harm unless the court issues a temporary restraining order and permanent injunction as requested by Plaintiffs.

67. Unless a temporary restraining order and an injunction is issued, the threatened injury to the Plaintiffs outweighs whatever damage the proposed order and injunction may cause the Defendant.

68. The issuance of a temporary restraining order and injunction will not be adverse to the public interest.

69. There is a substantial likelihood that the Plaintiffs will prevail on the merits of the underlying claim or this case presents serious issues on the merits which should be the subject of further litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant it the following relief:

1. Judgment on all Counts of this Complaint,

2. A permanent injunction for Defendant to cease all business activities that involve the use of the Ski Areas premises, and permanently shut down its websites involving the same;

3. Compensatory, incidental, and consequential damages against Defendant pursuant to all applicable Counts of this Complaint,

4. Judgment awarding Plaintiffs any and all other rights that flow from Defendant's wrongs as alleged herein,

5. Pre- and post-judgment interest, and attorney fees and costs, as allowed by law,

6. Defendant's profits for its illegal and unlawful practice,

7. Any damages to each Ski Area as a result of Defendant's unlawful and illegal practices, and

8. Any such other relief as the Court may deem just and proper.

Respectfully submitted this 10th day of October 2024.

                                          STRACHAN, STRACHAN & SIMON, P.C.

                                          */s/ Adam Strachan*
                                          Adam Strachan
                                          Meghan A. Sheridan



**SKI UTAH**
THE GREATEST SNOW ON EARTH®

2749 E Parleys Way, Suite 310
Salt Lake City, UT 84109
(801) 534-1779 office
skiutah.com   |   info@skiutah.com
@skiutah   |   #skiutah

**Robert Dunfey III**
Myskilessons.com

Re:   <u>**Cease and Desist Unlawful and Prohibited Skiing and Snowboarding Lessons**</u>

To Whom it May Concern:

Ski Utah represents all of the ski areas in Utah ("Ski Areas"). We are writing to you because we have become aware of your business run through the website myskilessons.com. As discussed below, the Ski Areas demand that you immediately cease and desist all business activity related to these websites and their intent to provide skiing and/or snowboarding lessons at Utah ski areas.  If you do not immediately cease and desist, the Ski Areas will pursue all available remedies, including but not limited to those set forth in more detail below.  <u>We demand that you immediately contact us to confirm that you will comply with the Ski Areas cease and desist demand, so that litigation can be avoided</u>.

Our investigation reveals that your business operates to hire private ski and snowboard instructors to meet with your skiing/snowboarding clients and conduct lessons at various ski areas around the state.  This business activity is used to usurp the lessons provided by professional ski instructors hired by the ski areas and conducting their business as ski area employees.  This activity has taken on many names, including underground lessons, poaching, bootlegging, pirating, cannibalizing, and teaching in the black.  Under any name, it is illegal, and must be stopped immediately.

The business activity of your company also violates numerous state and federal laws of the United States, both civil and criminal.  For example, your business activity violates unfair competition laws and general tort principles applicable throughout the United States.  We discuss some of your company's legal violations below, using examples from federal law, as well as law from states with ski areas.

**<u>Public Land</u>**

Many ski areas in the United States operate on federal (i.e., public) land with exclusive special use permits from the U.S. Forest Service.  Ski areas pay fees to the federal government for the privilege of operating a business and charging for services on these lands.  It is illegal for any person or entity to operate a business while on federal land without a permit.  Only the ski areas can lawfully provide ski or snowboard instruction for a fee.  Therefore, regardless of any other provision discussed below, your company is not permitted to operate its business on federal land and any attempt to do so is illegal.

Partners in Promoting Utah's Winter Sports Industry

            

**Private Land**

If a ski area is not on federal land, then it is operating its business on private property. On private property, a ski area can determine who it does and does not permit on the premises. It can also determine who can and cannot conduct business on its property. Ski Utah is not aware of a single member ski area that allows underground lessons. To that end, Ski Utah is authorized to inform you that your company is not permitted to conduct underground lessons on *any* of its member ski areas' property.

It is clear to Ski Utah that your company recognizes its obligation to obtain permission from any ski area at which you attempt to operate underground lessons. On your website, you specifically inform your potential customers that "NOT ALL RESORTS WILL ALLOW US TO TEACH. PLEASE CONTACT US PRIOR." This admission proves two things. First, that your company understands if it is told it is not permitted to operate underground lessons, it may not do so. Given Ski Utah's edict in this letter that your company may not operate underground lessons at any of its member ski areas, we expect that you will cease such operations. Second, this statement wrongly and fraudulently implies that your business is legitimately operating at some, if not many resorts.

Based upon the prohibition of operating your business on federal land, and the express prohibition of operating on private land that your company has just been informed of, your company is not permitted to offer skiing or snowboarding lessons at any of Ski Utah's member ski areas.

**Violation of the Law**

Your business model is in direct violation of the law. Operating an underground business at a ski area, while using its facilities, and taking advantage of its services, such as grooming, lift maintenance, slope maintenance, avalanche control, and the many other facets involved with the daily operation of a ski area, is illegal. Further, diverting the ski areas lawfully sanctioned ski lesson programs from its customers to unlawfully benefit your company is stealing the Ski Areas services.

Pursuant to Utah law: "An actor commits theft of service if: the actor has control over the disposition of another person's service; and diverts the other person's service to the benefit of the actor, knowing the actor is not entitled to the service." Utah Code Annotated § 76-6-409.

You may argue that your instructors and students paid to be at the ski area, and therefore you have every right to use the facilities. This ignores several very important facts. First, if any paid instruction takes place on federal land, it is illegal. Second, to Ski Utah's knowledge, not a single member ski area permits underground lessons. Therefore, whether the instructors or the skiers/snowboarders have season passes or lift tickets, they are violating the policies and rules of that ski area, which results in the immediate revocation of all privileges associated with the pass

and/or ticket. Thus, your company is knowingly committing acts that result in fraud on the ski areas.

What your company is doing is no different than walking into a ski area lodge, setting up a table with food, and trying to sell it to ski area customers who enter the lodge for lunch. As you might expect, any person attempting such acts would be asked to leave the premises immediately. The same holds true for any person attempting to conduct an underground lesson.

What your company is doing is illegal and must be stopped immediately. The above laws are not unique to Utah many states have similar laws, including Washington, California; Vermont, and Virginia. Ski Utah and its member resorts will seek to enforce these and other applicable laws and regulations through the proper authorities and will seek all available and appropriate relief from you to the fullest extent allowed by the law.

**Operating Without Business Licenses or Liability Insurance**

Many states have license requirements for operating a business. Your company holds itself out as operating its business in states throughout the country. Your company is sending its employees – ski instructors – to conduct a commercial business in many states. These states, and more often the counties within them have specific licensing requirements for businesses. Ski areas have these licenses. Given your company's anonymous nature, we will assume that it does not.

As a practical matter, your company also puts the ski areas and its skiers at risk. We have no idea if your company has obtained liability insurance for any injuries that may occur to either your instructors or ski area patrons. We also are not aware of whether you have procured workers' compensation insurance for your instructors. In any event, if the instructors or patrons sustain injuries during your unauthorized lessons, or they cause an injury to other patrons, that has the potential to open up possible liability for the ski area. If your patron or instructor cannot sue your company, it is certainly a possibility that they will look to the ski area next. Given that your company has not provided this information, as it chooses to remain anonymous, we cannot confirm that you have obtained these general safeguards. It also further demonstrates the inferior service provided by your company. Ski areas take on the overhead associated with providing lessons, including assuring that its instructors have the proper training. Ski areas also obtain insurance, both general commercial liability and workers' compensation.

Your company's failure to procure these same safeguards puts the ski areas at an unreasonable risk, and they are unwilling to accept the consequences of such failure.

**Trademark Infringement**

In the United States, trademarks are protected under both federal and state law. At the federal level, trademarks are primarily protected under the Lanham Act. Section 32 of the Lanham Act protects federally registered trademarks and service marks from unauthorized uses

of marks, including counterfeiting, that are likely to confuse or deceive consumers. Section 43(a) of the Lanham Act also protects unregistered trademarks, service marks, trade dress and other indicia of origin. (See 15 U.S.C. §§ 1114 and 1125(a)-(b).) Trademarks are also protected under various state laws and under the common law. Although the requirements and scope of state protection vary from state to state, state protection typically mirrors federal trademark protection.

A review of your company's multiple websites reveals that your company is using "trademarks, service marks, trade dress and other indicia of origin" that suggest your company is offering authorized lessons at nearly every, if not all, ski areas in the United States and Canada. For example, upon clicking on any of the ski areas listed on your websites, the internet user is greeted with "[SKI AREA NAME] Ski Lessons," in large, bold print. You then go on to state: "This class has been attended by over 2,500 snowboarders over the past two years. We have taken the exact techniques from several [SKI AREA]'s pro skiers on what works best in their training and put it in this course." Therefore, your company is holding itself out as affiliated with each and every ski area on your website.

As you know, your company is not in any way affiliated with any ski area, and indeed, your company has attempted to become a competitor with each ski area despite the illegal nature in which your company is attempting to do it. None of the Ski Utah's member ski areas has permitted your company to use their names or trademarks as your company has on its websites. As such, your company's unauthorized use of ski area trademarks not only infringes their marks, as it is likely to cause consumer confusion as to the source, sponsorship, affiliation, connection, or association of your company with each ski area, but it also constitutes unfair competition and violates a variety of state and federal laws, including, but not limited to Section 43(a) of the Lanham Act. (See 15 U.S.C. §§ 1125(a).)

Ski Utah and its member ski areas may obtain both temporary and permanent injunctive relief for infringements of registered trademarks, including the possibility of obtaining a preliminary injunction or temporary restraining order. (See 15 U.S.C. § 1116.) Ski Utah and its member ski areas will also be entitled to recover your company's profits, any damages to *each* ski area, the costs of any legal action Ski Utah or its member ski areas must file, and any attorneys' fees, including those incurred in drafting this letter and in continuing to monitor your illegal activity. In lieu of seeking such damages, Ski Utah and its member ski areas may elect to recover statutory damages up to $2 million per violation.

Ski Utah will pursue its intellectual property claims to the fullest extent allowed by law if you do not cease and desist your business activities.

**Unfair Competition and Deceptive Trade Practices**

Under federal law, your purported business activity violates the Federal Trade Commission Act ("FTCA"), which is codified at 15 U.S.C. § 45. The FTCA prohibits "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or

affecting commerce." Your company has created an environment where it induces consumers to commit acts that result in profits for your company under the false belief that the actions are legal. Instead, your company is receiving a profit for inducing individuals into paying money for illegal services. Furthermore, your company is wrongly implying that it holds permission from ski areas to operate a business providing lessons. It does not. Additionally, your company also purports to offer snowboarding lessons at ski areas such as Deer Valley and Alta. None of these ski areas permit snowboarding, making your offer of services false and misleading. Each of these acts is illegal, unfair, and deceptive. Violations of the FTCA will result in civil penalties of not more than $10,000 for *each* violation (i.e., every time someone books a lesson with your company).

Unfair competition claims can also be brought under the Lanham Act 15 U.S.C. § 1127, and are virtually identical to a trademark infringement claim. *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (citing *Heaton Distrib. Co. v. Union Tank Car Co.*, 387 F.2d 477 (8th Cir. 1967). Lanham Act unfair competition claim requires four elements: "(1) that defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injure the plaintiff." *Digital Ally, Inc. v. Util. Assocs.*, 882 F.3d 974, 978 (10th Cir. 2018) (quoting *World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1140 (10th Cir. 2006)).

State law also prohibits your business activities. Pursuant to Utah common law, unfair competition includes--but is not limited to--passing off, palming off, imitating, and causing or likely causing confusion or deception. *See Allen's Prods. Co. v. Glover,* 18 Utah 2d 9, 414 P.2d 93 (Utah 1966); *Budget Sys., Inc. v. Budget Loan and Fin. Plan*, 12 Utah 2d 18, 361 P.2d 512 (Utah 1961); *Hi-Land Dairyman's Ass'n. v. Cloverleaf Dairy,* 107 Utah 68, 151 P.2d 710 (Utah 1944); *Beard v. Bd. of Educ.,* 81 Utah 51, 16 P.2d 900 (Utah 1932); *Rocky Mountain Bell Tel. Co. v. Utah Indep. Tel. Co.*, 31 Utah 377, 88 P. 26 (Utah 1906) ("Unfair competition consists in passing off or attempting to pass off, upon the public, the goods or business of one person as and for the goods or business of another." (citations omitted)). Utah Court's have declared, "It is enough if it be shown that there is the probability of confusion or deception." *Hi-Land Dairyman's Ass'n.,* 151 P.2d at 717.

Your company is in clear violation of federal and state unfair competition laws. Your company is offering and promoting its service as authorized by ski areas and under the incorrect premise that underground lessons are permissible, when in fact such acts violate the law. Your company is attempting to "pass off" to the public that it is promoted by, sponsored by, and sanctioned by the Ski Areas, which it is not. Your websites and services offered are easily confusing and intentionally misleading to the public.

**Tortious Interference with Business and Contractual Relations**

Your business practices also illegally interfere with the business practices of Utah's Ski Areas. Under Utah law, your company (1) intentionally interfered with the Ski Areas existing or potential economic relations, (2) . . . by improper means, and (3) causing injury to the Ski Areas [Eldridge v. Johndrow, 2015 UT 21, P70](Eldridge v. Johndrow, 2015 UT 21, P70), 345 P. 3d 553Each ski area patron and the ski area enter into a valid contract when the patron buys a lift ticket or season pass. The federal government and/or ski areas prohibit unauthorized, private ski lessons for a fee on their property. Your business practices are specifically designed to draw third parties to the relationship that exists between the ski area and its patrons and create a breach of contract by violating the agreement between the parties. Any time a person enters the ski area, purchases a lift ticket or uses a season pass, and engages in private lessons for a fee with your company, a breach of contract has occurred by both the patron and the instructor. The ski area is damaged by the instructor using ski area facilities for profit and taking away a lesson from its authorized instructors. Because this cause of action involves intentional acts, your company will be liable for compensatory and punitive damages.

**Fraud**

Your company is liable for and guilty of fraud. Generally, in any state, fraud is committed anytime a person commits an act that results in an unfair or undeserved benefit for that person and/or that person causes harm or loss to another person. Fraud can be both civil and *criminal*. Here, your company has engaged in business practices that create an unfair and undeserved benefit by extracting payment of fees from ski area patrons who have been induced to breach their contracts with the ski area. Furthermore, it commits a fraud on the ski area when your business seeks to either violate federal permitting requirements, state business license laws, and/or violates the specific rules or policies on private land. Each transaction your company completes is a loss to the ski area.

Ski Utah is prepared to take whatever steps are necessary to stop your company's illegal conduct and unfair business practices. That action begins with this cease and desist letter. If your company does not stop its entire business operation <u>immediately</u>, Ski Utah will:

      1. Begin instituting legal proceedings on behalf of its member ski areas seeking all available remedies, including damages, injunctive relief, costs, and attorneys' fees;

      2. Notify the authorities of each state in which a criminal law exists making your business activity illegal in any way;

      3. Notify the Federal Trade Commission of the unfair and deceptive trade practices being employed by your company;

      4. Notify the Attorney General in each state with member ski areas of the unlawful and unfair acts and practices of your company; and

5. Take any and all further action necessary to protect the interests and legal rights of Ski Utah and its members.

Nothing contained in this letter, nor any act or omission to act by Ski Utah or its member areas is intended or should be deemed a waiver, abridgement, alteration, modification or reduction of any rights or remedies which Ski Utah or its members may have in regard to this matter, and all rights and remedies, either at law or in equity, are hereby expressly reserved.

We demand that you contact the undersigned to confirm your agreement to comply with this cease and desist letter.

Sincerely,

*Adam Strachan*
Adam Strachan, Esq.
*General Counsel*
July 16, 2024